UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELANIE SMALL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WALTER THOMAS GODBEY, *et al.*, <br><br> Defendants. | Civil Action No. 02-1503 (CKK) |

**MEMORANDUM OPINION**
(September 11, 2006)

On June 15, 2005, the Court issued an [52] Order and accompanying [53] Memorandum Opinion granting Plaintiffs' [38] Motion for Summary Judgment in the instant case, finding "that both Defendant Godbey and Defendant G&S Glass can be held liable for Godbey's actions when he shot and killed Mr. Small in a dispute over work done in Mr. Small's home." [53] Mem. Op. at 11.  On September 19, 2005, *pro se* Defendant Walter Thomas Godbey filed a "Petition in the Nature of a Motion for Dismissal," in which Defendant Godbey attempted to define himself as a third party intervenor in Plaintiffs' action against the alleged public vessel WALTER THOMAS GODBEY.  On October 11, 2005, the Court denied Defendant Godbey's Petition in the Nature of a Motion for Dismissal, holding that "since this alleged distinction did not exist at the time that Plaintiffs filed their Complaint on July 8, 2002, Defendant Godbey cannot now theoretically create a separate entity, vessel or otherwise, in order to shield his assets from the Court's calculation of damages." [65] Mem. Op. at 1.  In the Court's [65] Memorandum Opinion, the Court also discounted Defendant's theory that this case is before the Court under Admiralty law jurisdiction, holding that "the Court properly has diversity jurisdiction over this case under 28

U.S.C. § 1332(a). There is therefore no need for Plaintiffs to pursue administrative remedies in the case at hand." [65] Mem. Op. at 2. Thereafter, a bench trial was held before the Court on October 18, 2005, to determine the issue of damages to be awarded to Plaintiffs, a matter which is presently under the Court's advisement.

Presently before the Court are two Petitions filed by Defendant Godbey after the Court denied Defendant's Petition in the Nature of a Motion for Dismissal and after the bench trial occurred in the instant case. On November 10, 2005, Defendant filed a [67] Petition to Issue and Serve Judicial Summons and a copy of the Amended Pleading. In his [67] Petition, Defendant states as follows:

> It has been established in fact that the Defendant, WALTER THOMAS GODBEY, public vessel, is insolvent and without sufficient public funds to cover costs & fees in this matter, therefore, I hereby petition this court to issue and serve judicial summons, along with a copy of the Amended Pleading, dated October 16th, 2005, (copy provided) and order: <u>John Snow</u>, Sec. of the Dept. Of the U.S. Treasury, Fiduciary for the public vessel, WALTER THOMAS GODBEY, to respond to Petitioner's Counter-claim. <u>Melanie D. Small, et al.</u>, Original Plaintiff to respond to the Petitioner's Cross-Claim.

[67] Pet. at 1. Defendant Godbey makes further requests of the Court "as agent and creditor of the public vessel WALTER THOMAS GODBEY . . . ." *Id*. Furthermore, Defendant's "Amended Pleading" includes a "Counterclaim" against Mr. Snow as "fiduciary for the public vessel" and a "Cross Claim" against "Plaintiff" in this action based on various theories grounded in admiralty law and the separation of Defendant from WALTER THOMAS GODBEY as a "public vessel"–all of which have previously been rejected by the Court. Because Defendant Godbey's [67] Petition is based on arguments and claims explicitly rejected by the Court in its [65] Memorandum Opinion, the Court shall deny Plaintiff's [67] Petition as contrary to the law of the case.

Defendant Godbey also filed a [68] Petition in the Nature of a Motion for dismissal on May 5, 2006.  As iterated above, the Court already denied Defendant's prior Motion to Dismiss such that a repeat motion to this effect is barred by *res judicata*.  Furthermore, though Defendant Godbey claims that "Plaintiffs were directed to show cause at the October 18th, 2005 Bench Trial, why this Petition 57 Motion to Dismiss and 66 Memorandum in Opposition filed by Petitioner should not be dismissed for lack of jurisdiction," this statement is neither true nor does it make sense in that the Court had already denied Defendant's [57] Motion to Dismiss prior the bench trial itself.  Accordingly, the Court shall deny Defendant's [68] Petition in the Nature of a Motion for dismissal.

Based on the aforementioned reasoning, the Court shall DENY Defendant Godbey's [67] Petition to Issue and Serve Judicial Summons and a copy of the Amended Pleading, and DENY Defendant Godbey's [68] Petition in the Nature of a Motion for dismissal.  An Order accompanies this Memorandum Opinion.


Date:   September 11, 2006

                                                      /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge