UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELANIE SMALL, *et al.*,

    Plaintiffs,

v.

WALTER THOMAS GODBEY, *et al.*,

    Defendants.

Civil Action No. 02-1503  (CKK)

**MEMORANDUM OPINION**
(October 2, 2006)

On June 15, 2005, the Court issued an [52] Order and accompanying [53] Memorandum Opinion granting Plaintiffs' [38] Motion for Summary Judgment in the instant case, finding "that both Defendant Godbey and Defendant G&S Glass can be held liable for Godbey's actions when he shot and killed Mr. Small in a dispute over work done in Mr. Small's home." [53] Mem. Op. at 11.[1]  A bench trial was held before the Court on October 18, 2005, to determine the issue of damages to be awarded to Plaintiffs.  In the instant Memorandum Opinion and accompanying Judgment, the Court has determined that the proper amount of damages to be awarded to Plaintiff Melaine Small as Representative of the Estate of Douglas A. Small[2] is two million, four hundred sixty eight thousand, thirty three United States dollars ($2,468,033.00) pursuant to the District of Columbia Survival Act (D.C. Code § 12-101); and three thousand two hundred ninety United

---

[1] Defendant Godbey pleaded guilty to the Voluntary Manslaughter While Armed of Douglas A. Small on May 8, 2002, in Superior Court for the District of Columbia.

[2] *See* Tr. Exs. 1 (Petition for Probate for the Estate of Douglas A. Small) and 4 (Letters of Administration for the Estate of Douglas A. Small appointing Melaine D. Small as Personal Representative); Tr. Trans. 55.

States dollars ($3,290.00) pursuant to the District of Columbia Wrongful Death Act (D.C. Code §§ 16-2701-03).

## I. BACKGROUND

On October 3, 2005, prior to the bench trial to determine damages in the instant case, Plaintiffs filed [63] "Plaintiffs, Melaine D. Small, et al., Brief in Support of Their Specific Claims for Damages Pursuant to D.C. Code 12-101, The Survival Statute and D.C. Code 16-2701-02, The Wrongful Death Act." Plaintiffs in the instant case are Melaine Small, both individually (sister of decedent) and as representative of the estate; Naomi J. Small (mother of decedent); Naomi B. Small (sister of decedent); and Roger L. Small, Jr (brother of decedent). Defendants in this case are Walter Thomas Godbey and G & S Glass.

In Plaintiffs' brief, Plaintiffs claim that the Estate of Douglas A. Small is entitled to damages for his death and conscious pain and suffering pursuant to the District of Columbia Survival Act (D.C. Code § 12-101). Pls.' Brief at 2-5. Plaintiffs also claim that all individually-named Plaintiffs (Melaine D. Small in her individual capacity, Naomi J. Small, Naomi B. Small, and Roger L. Small) are entitled to recovery pursuant the District of Columbia Wrongful Death Act (D.C. Code 16-2701-02) for both the annual share of decedents earnings given to decedents dependents and the value of the services lost to the family as a result of decedent's death. *Id.* at 5-7.

Defendant Godbey did not file any direct response thereto. Any arguments raised by Defendant Godbey in other filings after Plaintiffs' damages brief was filed with the Court, all of which are related to Defendant's attempts to shield his assets using various theories grounded in admiralty law and the separation of Defendant from WALTER THOMAS GODBEY as a "public

vessel," have been rejected in various Orders throughout this litigation by the instant Court. *See dkt. entries* [65], [70], and [71]; Trial Tr. 2-5. The Court notes that these inapplicable arguments likewise formed the basis of Defendant's late-received [66] Reply to his Motion to Dismiss (which had been denied prior to the bench trial) such that there was no basis for the Court's reconsideration of its denial of Defendant's Motion to Dismiss.

The bench trial was held on October 18, 2005, at which Defendant Godbey participated via video conference from his place of confinement, which allowed him to participate such that he could see and hear the witnesses, the Judge, and counsel. Furthermore, Defendant Godbey could (and did) examine the witnesses and present arguments to the Court. The following individuals appeared as witnesses for the Plaintiffs during the bench trial: Richard Gordon (friend and part of Douglas Small's estate); Steven Baines (friend and part of Douglas Small's estate); Naomi B. Small (Plaintiff); and Melaine Small (Plaintiff). Plaintiffs' counsel also called Defendant Godbey as a witness. Plaintiffs entered a number of documents into evidence, including the depositions of Naomi J. Small (Plaintiff) and Dr. Richard B. Edelman, an expert witness in economics. Defendant did not present any witnesses on his own behalf.

## II.  LEGAL STANDARD

*A.     Survival Act (D.C. Code § 12-101)*

Pursuant to the District of Columbia Survival Act, "On the death of a person in whose favor or against whom a right of action has accrued for any cause prior to his death, the right of action, for all such cases, survives in favor of or against the legal representative of the deceased." D.C. Code § 12-101. "Recovery under the Survival Statute is comprised of that which the deceased would have been able to recover had he lived." *Graves v. United State*s, 517 F. Supp.

95, 99 (D.D.C. 1981) (citing *Semler v. Psychiatric Institute of Washington, D.C., Inc.*, 517 F.2d 922, 925 (D.C. Cir. 1978)). The legal representative of the decedent is entitled to sue in place of the decedent pursuant to the Survival Act. *Strother v. District of Columbia*, 312 A.2d 1291, 1295 (D.C. Cir. 1977). All damages accrue to the decedent's estate. The Court notes that the decedent in the instant case did not die intestate, and that he did not have a spouse nor any children.

Damages to be awarded to the decedent's estate are defined by the decedent's probable net future earnings discounted to present worth. *Runyon v. District of Columbia*, 463 F.2d 1319, 1321-22 (D.C. Cir. 1972). Damages to be awarded to the estate of the decedent pursuant to the Survival Act also include damages for the conscious pain and suffering of the decedent prior to his death. *Graves*, 517 F. Supp. at 99. The Court further notes that "the amount the deceased would have required to maintain himself and contribute to those entitled to recover under the Wrongful Death Act" is subtracted from the decedent's gross future earnings in order to properly calculate the decedent's net future earnings pursuant to the Survival Act. *Runyon*, 463 F.2d at 1322.

  B. *Wrongful Death Act (D.C. Code § 16-2701-03)*

Pursuant to the District of Columbia Wrongful Death Act,

> (a) When, by an injury done or happening within the limits of the District, the death of a person is caused by the wrongful act, neglect, or default of a person or corporation, and the act, neglect, or default is such as will, if death does not ensue, entitle the person injured . . . to maintain an action and recover damages, the person who or corporation that is liable if death does not ensue is liable to an action for damages for the death, notwithstanding the death of the person injured, even though the death is caused under circumstances that constitute a felony.
> (b) The damages shall be assessed with reference to the injury resulting from the act, neglect, or default causing the death, to . . . the next of kin of the deceased person; and shall include the reasonable expenses of last illness and burial. Where there is a

surviving spouse or domestic partner, the jury shall allocate the portion of its verdict payable to the spouse or domestic partner and next of kin, respectively, according to the finding of damage to the spouse or domestic partner and next of kin. . . .

D.C. Code § 16-2701.  A decedent's personal representative may enforce a claim pursuant to the Wrongful Death Act.  *Strother*, 372 A.2d at 1295; D.C. Code § 16-2702.

With respect to the distribution of damages, "[t]he damages recovered in an action pursuant to this chapter, except the amount specified by the verdict or judgment covering the reasonable expenses of last illness and burial, may not be appropriated to the payment of the debts or liabilities of the deceased person, but inure to the benefit of his or her family and shall be distributed to the spouse and next of kin according to the allocation made by the verdict or judgment, or in the absence of an allocation, according to the provisions of the statute of distribution in force in the District."  D.C. Code § 16-2703.

The proper amount to be awarded to the next of kin pursuant to the Wrongful Death Act is the financial loss sustained defined in terms of each individual's annual share in the deceased's earnings multiplied by the decedent's life expectancy and limited by the particular next of kin's life expectancy.  *Runyon*, 463 F.2d at 1322*.  See Graves*, 517 F. Supp. at 99 ("The computation of plaintiff's recovery under the Wrongful Death Act is . . . the annual share of the plaintiff in the deceased's earnings multiplied by the decedent's work life expectancy and discounted to present worth, plus the costs of decedent's funeral and last illness.").  "[The Wrongful Death Act] creates a right in favor of the spouse and next of kin of a deceased person for damages arising out of a negligent act causing death.  'It is designed to provide a remedy whereby close relatives of the deceased who might have expected maintenance or assistance from the deceased had he lived, may recover compensation from the wrongdoer commensurate with the loss sustained.'"  *District*

*of Columbia v. Hawkins*, 782 A.2d 293, 303 (D.C. 2001) (quoting *Semler v. Psychiatric Inst. of Washington, D.C.*, 575 F.2d 922, 924-25 (D.C. Cir. 1978). However, recovery is limited if the life expectancy of the spouse or next of kin is shorter than the work life expectancy of the deceased:

> The share of each person entitled to recover under the Wrongful Death Act is customarily determined by first ascertaining the annual share of each in the deceased's earnings multiplied by the appropriate period of years determined as now stated. If the respective life expectancy of the spouse and next of kin is less than the work life expectancy of the deceased, each is limited to recovery for the years of his or her life expectancy. If the life expectancy of the spouse or next of kin is greater than the work life expectancy of the deceased, each is limited to recovery for the periods of the deceased's work life expectancy.

*Runyon*, 463 F.2d at 1322. A spouse or next of kin pursuant to the Wrongful Death Act can recover for loss of direct financial support and the lost value of services provided by the decedent. "In addition to allowing recovery for pecuniary losses resulting from the loss of financial support the decedent could have been expected to provide his next of kin, recovery is allowed for the value of services the decedent would have provided, including, *e.g.*, loss of care, education, training, guidance and personal advice." *Hawkins*, 782 A.2d at 303; *Doe v. Binker*, 492 A.2d 857, 863 (D.C. 1985). The Wrongful Death Act does not provide compensation to next of kin for grief caused by decedent's death. *Runyon*, 463 F.2d at 1322.

The Court must determine if all Plaintiffs qualify as "next of kin" for purposes of the Wrongful Death Act. Plaintiffs are comprised of decedent's mother (Naomi J. Small), and decedent's siblings. *See Greater Southeast Community Hospital v. Williams*, 482 A.2d 394, 396-97 (D.C. 1984) ("The wrongful death statute creates a new cause of action for the deceased's spouse and *next of kin* to recover for their pecuniary losses, when the deceased could have brought an action for injuries had he lived."). Pursuant to D.C. Code § 19-308, decedent's

6

parent (or parents) is defined as next of kin in the absence of a spouse or descendants. *See* D.C. Code §§ 19-308, 19-309. As such, the Court shall consider damages to be awarded to decedent's mother, Naomi J. Small, but not to decedent's siblings, pursuant to the Wrongful Death Act.

### III. DISCUSSION

Having reviewed the testimony of the witnesses, the exhibits,[3] the entire record in this case, and having observed the demeanor of the witnesses, the Court credits the following evidence.

    *A.*    *Survival Act*

        1.    Economic Damages

For the purposes of determining the proper amount of economic damages to be awarded to Douglas Small's estate pursuant to the District of Columbia Survival Act, the Court relies on the deposition of Dr. Richard B. Edelman[4] and his "Valuation of Lost Income and Benefits" with respect to Douglas Small. Tr. Exs. 13 ("Valuation of Lost Income and Benefits," October 2003) and 15 (Deposition of Dr. Edelman, Oct. 14, 2005). Pursuant to Dr. Edelman's calculation of the valuation of Douglas Small's lost income and benefits, adjusting for present value and less personal consumption expenses, in October 2003 the computed loss would have been two million, ninety seven thousand, one hundred sixty four U.S. dollars ($2,097, 164). Tr. Ex. 13 at 7

---

[3] Trial Exhibits not cited elsewhere in this Memorandum Opinion include Ex. 3 (Medical Examiner's Certificate of Death for Douglas A. Small) (*see also* Tr. Trans. 83); Ex. 6 (Answer to Complaint filed by Defendant, Walter T. Godbey) (*see also* Tr. Trans. 88-90); Ex. 7 (2001 U.S. Individual Income Tax Returns for Douglas A. Small) (*see also* Tr. Trans. 70); Ex. 8 (1998-2000 U.S. Individual Income Tax Returns for Douglas A. Small) (*see also* Tr. Trans. 72-74); Ex. 9 (Douglas A. Small's W2s 2001) (*see also* Tr. Trans. 74); Ex. 10 (Douglas A. Small's pay stubs from AOL) (*see also* Tr. Trans. 66).

[4] After reviewing Dr. Richard B. Edelman's CV, see Tr. Ex. 12, the Court will credit Dr. Edelman as an expert witness in economics.

(Valuation). Since Dr. Edelman acknowledged a slight decrease in this figure as of October 2005 due to interest rate fluctuations, the Court will adopt the updated figure provided by Dr. Edelman–one million, nine hundred sixty eight thousand, thirty three U.S. dollars ($1,968,033.00). Tr. Ex. 15 at 15-16. Defendant Godbey does not provide credible evidence nor does he refute Dr. Edelman's calculations or methodology via his own economic expert. *See* Tr. Trans. at 99, 102.

The Court does not credit Defendant Godbey's unsubstantiated allegations that Douglas Small used drugs, as the toxicology report submitted with Douglas Small's autopsy report indicated that no phencyclidine, Cocaine, Benzolecgonine, Opiates, or alkaline extractable drugs were detected. Pls.' Tr. Ex. 2 at 11 (Report of Autopsy). None of the witnesses at the bench trial gave any indication that Douglas Small used drugs. Tr. Trans. at 115. The Court also does not credit Defendant Godbey's unsubstantiated allegations that Douglas Small was in danger of losing his job at AOL. *See* Tr. Trans. at 30 (Testimony of Richard Gordon), 40 (Testimony of Steven Baines), 51 (Testimony of Naomi B. Small), and 86 (Testimony of Melaine Small).

        2.        <u>Conscious Pain and Suffering</u>

It is clear from Defendant Godbey's testimony pursuant to his plea agreement before the Superior Court for the District of Columbia, and from the Report of Autopsy of Douglas Small, that Douglas Small was shot twice by Defendant Godbey–the first time in the back, the second time in the head. Pls.' Tr. Ex. 2 (Report of Autopsy); *United States v. Godbey*, Cr. No. 91-02 (D.C. Sup. Ct. May 8, 2002) (Guilty Plea) at 14-15. The first gunshot wound is described as a "[p]erforating gunshot wound with entrance on left back; injury to thoracic vertebrae, aorta, stomach and liver with hemoperitoneum; and exit from left abdomen." Pls.' Tr. Ex. 2 (Report of

Autopsy) at 1.  The second gunshot wound is described as a "[p]erforating gunshot wound with entrance on right side of head; injury to brain and skull fractures; and exit from left side of head." *Id.*  Furthermore, Defendant Godbey admitted before the instant Court and before the Superior Court for the District of Columbia that Douglas Small did not die instantly after the first shot but was conscious at least until the time of the second shot.  *United States v. Godbey*, Cr. No. 91-02 (D.C. Sup. Ct. May 8, 2002) (Guilty Plea) at 14-15 (Defendant Godbey stated "I fired the first shot, I wasn't sure if it was effective or not because he came back and looked at me.  The second shot, I do feel now at this point that it was probably excessive and he may have been just trying to get me away . . . ."); Tr. Trans. at 89 (Q: "So the first shot that you fired at Mr. Small, that didn't kill him, did it?"  A: "That's correct."  Q: "So it would have to be the second shot when you shot him in the head, that the shot that killed him; correct?"  A: "That's correct . . . ."). Therefore, the Court shall award the estate of Douglas Small five hundred thousand U.S. dollars ($500,000) for Douglas Small's conscious pain and suffering prior to death pursuant to the D.C. Survival Act.

      B.     *Wrongful Death Act*

Pursuant to the Wrongful Death Act, Naomi J. Small, as next of kin of Douglas Small would be entitled to compensation within certain legal bounds for any financial support she received from Douglas Small.  The Court acknowledges that Naomi J. Small received checks from her son, Douglas Small, in the amount of approximately $300 per month prior to his untimely death.  *See* Pls.' Tr. Ex. 11 (copies of checks to Naomi J. Small from Douglas Small); Pls.' Tr. Ex. 16 at 7 (Deposition of Naomi J. Small, Oct. 10, 2003); Tr. Trans. at 57-62 (Testimony of Melaine Small).  However, the Court also acknowledges that as of the date of the

bench trial in the instant case, Naomi J. Small was 70-years old.  *See* Tr. Trans. at 80 (Testimony of Melaine Small).  As the Court has received no economic calculation from Plaintiffs of the present value of the payments that Naomi J. Small would expect to receive (presumably capped by her life expectancy pursuant to *Runyon*, 463 F.2d at 1322), the Court does not have a proper basis under which to ascertain Naomi J. Small's proper award pursuant to the Wrongful Death Act.  In the absence of such necessary information, which was not provided by Plaintiffs, the Court will not award Naomi J. Small compensation pursuant to the Wrongful Death Act, and as such, will not decrease the amount given to the Estate of Douglas Small by any such amount (since pursuant to *Runyon*, 463 F.2d at 1322,"the amount the deceased would have required to maintain himself and *contribute to those entitled to recover under the Wrongful Death Act*" is subtracted from the decedent's gross future earnings in order to properly calculate the decedent's net future earnings pursuant to the Survival Act) (emphasis added).  The Court notes that it appears that fifty percent of Douglas Small's estate will go to Naomi J. Small, his mother, regardless.  *See* Tr. Trans. at 63-64 (Testimony of Melaine Small).

However, the Court will award Plaintiff Melaine Small as Representative of the Estate of Douglas Small an additional three thousand two hundred ninety United States dollars ($3,290.00) pursuant to the District of Columbia Wrongful Death Act to cover the reasonable funeral and burial expenses of Douglas Small.  *See* Trial Tr. at 76 (Testimony of Melaine Small); Pls.' Tr. Ex. 14 (Statement of Funeral Goods and Services).

### IV.  FINAL CONCLUSIONS

Based on the aforementioned factual findings and reasoning, the Court find that Walter Thomas Godbey and G & S Glass are jointly and severally liable to Melaine Small (as

Representative of the Estate of Douglas A. Small, but not individually) for damages in the total amount of two million, four hundred seventy one thousand, three hundred twenty three United States dollars ($2,471,323.00).  The Court expressly notes that all monies herein awarded are awarded to Melaine Small in her capacity as Representative of the Estate of Douglas Small, not in her personal capacity.

      Of this amount, the Court awards the Estate of Douglas A. Small one million, nine hundred sixty eight thousand, thirty three U.S. dollars ($1,968,033) pursuant to the District of Columbia Survival Act (D.C. Code § 12-101) relying on Dr. Edelman's computation of Douglas Small's future net earnings discounted to present worth minus expenses that would have been necessary to sustain himself.  The Court does not find any factual or evidentiary underpinnings for Defendant Godbey's allegations that Douglas Small had a drug problem or feared losing his job and as such will not reduce Dr. Edelman's calculation on this or any other basis.  The Court further finds that Douglas Small suffered conscious pain and suffering such that his Estate is entitled to five hundred thousand U.S. dollars ($500,000) pursuant to the District of Columbia Survival Act.  The Estate is also entitled to three thousand two hundred ninety United States dollars ($3,290.00) pursuant to the District of Columbia Wrongful Death Act.

Date:   October 2, 2006

                                                  /s/  
                                      COLLEEN KOLLAR-KOTELLY  
                                      United States District Judge